UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-61668-SMITH/REID

CAMDEN SUMMIT PARTNERSHIP, L.P.,

    Plaintiff,

v.

TANIFFA JEANLOUIS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

This cause is before the Court upon Defendant, Taniffa Jeanlouis's Motion for Leave to Proceed *In Forma Pauperis* (the "Motion"). [ECF No. 3]. For the reasons discussed below, it is **RECOMMENDED** that Defendant's Motion be **DENIED**, and the case **REMANDED** to state court.

**I.   Standard of Review**

Pursuant to 28 U.S.C. § 1915, a district court may dismiss a motion for leave to proceed *in forma pauperis* if it determines the action is frivolous or fails to state a claim on which relief may be granted. Indeed, "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "Failure to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6)." *Wells v. Miller*, No. 15-CV-80412, 2015 WL 12953101, at *1 (S.D. Fla. Apr. 8, 2015), *report and*

1

*recommendation adopted*, No. 15-80412-CIV, 2015 WL 12953098 (S.D. Fla. June 8, 2015) (citing *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008)).

A defendant desiring to remove any civil action from state court to a federal district court requires a notice of removal signed pursuant to Rule 11 and contain a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. *See* 28 U.S.C. § 1446(a). If the defendant meets the requirements, the federal court has jurisdiction over the entire case. *Green v. Graham*, 906 F.3d 955, 958 (11th Cir. 2018).

"A defendant may remove a case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally." *See Kemp v. IBM*, 109 F.3d 708, 711 (11th Cir. 1997). The plaintiff's complaint serves as the sole basis to determine whether removal from state court to federal court is proper. *Id.* at 712. Absent diversity of citizenship between the parties, "[i]f the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint … and the case may not be removed to federal court." *Id.* If the plaintiff's complaint is silent on federal question or diversity jurisdiction then removal is improper, and the case must be remanded back to state court. *See id.*

"Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question cannot create removal jurisdiction. Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid." *Id.*; *see also Rivet v. Regions Bank*, 522 U.S. 470, 472 (1998). ("A defense is not a properly pleaded statement. A case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the

2

plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.)".

## II. Discussion

Here, Plaintiff's two-page state court complaint relies exclusively on Florida landlord/tenant law in this eviction action. [ECF No. 1 at 9–10]. Simply put, Plaintiff seeks to evict Defendant from the premises it owns because of Defendant's purported failure to pay rent or vacate the premises. *See generally* [*Id.*]. Defendant, on the other hand, indicates that she intends to rely on Plaintiff's violations of The Fair Housing Act, Title VII of the Civil Rights Act of 1964, and the Fourteenth Amendment's Due Process clause as her defenses and as the basis of removal. [*Id.* at 1–2]. Defendant, however, misconstrues the propriety of removal in this action. Plaintiff's Complaint relies solely on Florida state law and does not contain any explicit (or implicit) evocation of federal law. Nor does Defendant assert there is diversity of citizenship between the parties. Rather, Defendant relies on her intended defenses, which do invoke federal law, as the basis for removal. As such, removal in this case is improper. Because this case will almost certainly be remanded to state court, Defendant's Motion should be denied.

## III. Recommendation

For the reasons set forth above, it is **RECOMMENDED** that Defendant's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 3] be **DENIED** and the case be **REMANDED** back to state court.

Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th

Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

    **SIGNED** this 27th day of October, 2022.

                                                */s/ Lisette Reid*
                                                LISETTE M. REID
                                                UNITED STATES MAGISTRATE JUDGE

cc:    **U.S. District Judge Rodney Smith;**

        **Counsel of Record**

        **Taniffa Jeanlouis**
        **11086 NW 9th Court**
        **Plantation, FL 33324**
        **PRO SE**